IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                  Criminal Action No. 5:09CR24

GARY RAY DEBOLT,

    Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO SUPPRESS STATEMENTS BE DENIED

### I. Introduction

A.     Background

Defendant is the only defendant in a seven count Superseding Indictment charging five counts of receipt of child pornography, two counts of possession of child pornography and a forfeiture count.

B.     The Motion

Defendant's Motion to Suppress Statements.[1]

C.     Recommendation

I recommend Defendant's Motion to Suppress Statements be denied because he was not in custody; he did not request counsel; and he made the statements after being advised of his Miranda rights and signing a written waiver of the same.

### II. Facts

At about 2:30 p.m. on January 6, 2009, West Virginia State Police (WVSP) Corporal Jim Kozik (then a trooper), WVSP Sargent W.C. Kush, Wheeling Police Department Detective Taylor

---

[1] Doc. No. 33.

and other officers went to the home of defendant and Donna Lucas to execute a search warrant issued by a Judge of the Circuit Court of Ohio County, West Virginia. Ms. Lucas was present and the search of the premises was conducted. The search took about an hour.

Ms. Lucas called the defendant who was working and advised the search was taking place. As the officers were leaving the premises about 3:30 p.m., the defendant arrived. Corporal Kozik advised defendant about the search and asked defendant if defendant was willing to speak with the officers. Defendant said yes. Defendant, Kozik, Kush and Taylor entered the residence and sat at the dining room table. The other officers left the premises. Ms. Lucas was in the residence but not in the dining room.

Kozik began to talk to the defendant in an attempt to establish a rapport as was Kozik's custom. Kozik told defendant he was not under arrest. About 4:00 p.m., defendant made a potentially incriminating statement. It was Kozik's custom to talk with a suspect and not advise a defendant of his <u>Miranda</u> rights until the defendant made an incriminating statement. Defendant was advised of his <u>Miranda</u> rights and signed a written waiver of the same which Kush had with him. Government Exhibit 1. The interview continued for an hour. After Kozik concluded he had all the information he was going to get, Kozik began to write specific questions and defendant's answers. Defendant's Exhibit 1. This process took another thirty minutes. After defendant signed Defendant's Exhibit 1, the officers left.

Both Kozik and Kush testified that defendant never asked for a lawyer. The only difference in their testimony was that Kush testified defendant never asked if he needed a lawyer while Kozik testified he could not recall if defendant asked if he needed a lawyer.

### III. Defendant's Motion to Suppress Statements

#### A. Contentions of the Parties

Defendant contends his statements were involuntary. Specifically, defendant contends his statements were not the product of his free and rational choice because defendant was intimidated by the presence of two much larger law enforcement officers; the officers asked Lucas to leave the room; Defendant was not told the interview was voluntary nor that he did not have to answer questions; and Defendant was not given his rights. Finally, defendant contends he asked whether he needed an attorney and Kozik told him no.

The Government contends defendant was not in custody, was advised of his rights and never requested counsel.

#### B. Discussion

1. Defendant's factual claims.

There was no evidence of the following facts alleged by defendant in his motion:

A. That the officers asked Lucas to leave the dining room before the interview. The only evidence was defendant did not want Lucas present.

B. That defendant asked if he needed counsel. The only evidence was that he did not except Kozik could not recall if defendant asked that question.

C. That defendant requested counsel. There was no such evidence.

D. That defendant was intimidated by the much larger law enforcement officers. There was no such evidence.

E. That the interview was not voluntary. There was no such evidence.

F. That defendant was not told he did not have to answer questions. There was no such evidence.

2. Defendant's Legal Claims.

A. The officers violated the requirement of Miranda by beginning the interview without first advising defendant of his Miranda rights.

Miranda holds Miranda warnings are required when a subject is interrogated in custody. Miranda v. Arizona, 384 U.S. 436 (1966). A person is in custody when under the totality of the circumstances his freedom is curtailed similar to formal arrest. Berkemer v. McCarty, 468 U.S. 429, 440 (1984). The interview took place in defendant's residence. The only evidence was that he was not under arrest, nor was there any indicia of custody. There was no evidence his freedom was curtailed. The only evidence is that his freedom was not curtailed in any way. The only conclusion is that defendant was not in custody and the requirements of Miranda do not apply.

Defendant contends Miranda does apply and cites Missouri v. Seibert, 542 U.S. 600, 618 (2004) holding the question-first, then give the warning, then question again strategy thwarts Miranda. Assuming arguendo, that Miranda applies, the facts in Missouri v. Seibert and this case have virtually nothing in common. In Seibert, defendant was interrogated at the police station. Here, defendant was questioned in his residence. In Seibert, there was absolutely no question defendant was in custody. Here, there were absolutely no facts showing indicia of or similarities to custody. In Seibert, defendant was fully and completely interrogated in every respect before the Miranda warning was given. Here defendant was given a Miranda warning as soon as he made the first potentially incriminating statement. Seibert simply has no application to the case at bar.

B. Defendant requested counsel and therefore the officers were prohibited from questioning defendant.

A suspect who unequivocally requests counsel cannot be questioned. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). The only evidence in this case is defendant did not ever request counsel. Both witnesses were asked prior to the interview if defendant needed a lawyer. One witness said defendant made no such statement. The other witness said he could not recall whether defendant made such a statement. There is no evidence defendant requested counsel, period - let alone made an unequivocal request.

C. Recommendation.

I recommend defendant's Motion to Suppress Statements be denied because he was not in custody; did not request counsel; and he made the statements after being advised of his Miranda rights and signing a written waiver of the same.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 28, 2009

                                                      */s/ James E. Seibert*
                                                     JAMES E. SEIBERT
                                                     UNITED STATES MAGISTRATE JUDGE