IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:09CR24
                                        (STAMP)
GARY RAY DEBOLT,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING DEFENDANT'S OBJECTIONS AND
DENYING DEFENDANT'S MOTION TO SUPPRESS**

I.  Procedural History

The defendant, Gary Ray Debolt, is the only defendant named in a seven-count superseding indictment charging five counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and a forfeiture allegation. The defendant filed a motion to suppress allegedly involuntary statements that he made during an interview with the West Virginia State Police.

On August 11, 2009, United States Magistrate Judge James E. Seibert conducted an evidentiary hearing on this matter. Magistrate Judge Seibert thereafter entered a report and recommendation recommending that the defendant's motion to suppress statements be denied because he was not in custody, did not request counsel, and only made the statements after being advised of his Miranda rights and signing a written waiver. The magistrate judge

informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of his recommendation. The defendant filed objections to which the government responded. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety and overrules the defendant's objections.

## II. Facts

On January 6, 2009, at approximately 2:30 p.m., Corporal Jim Kozik and Sergeant W.C. Kush of the West Virginia State Police, as well as Wheeling Police Department Detective Taylor and other officers, went to the residence of the defendant and his girlfriend Donna Lucas to execute a state search warrant issued by a judge of the Circuit Court of Ohio County, West Virginia. The search warrant allowed the officers to search for evidence of child pornography. Ms. Lucas was present at the time the premises were searched, which took about an hour. During that time, officers discovered child pornography on a laptop computer located in the residence.

While the search was being conducted, Ms. Lucas called the defendant and advised him that the search was taking place. The defendant arrived at the residence at 3:30 p.m. as the officers were leaving. Upon the defendant's arrival, however, Corporal Kozik advised the defendant of the search and asked him if he was

willing to speak with the officers.  The defendant obliged, and defendant, Corporal Kozik, Sergeant Kush, and Detective Taylor entered the residence and sat at the dining room table.

Officer Kozik told the defendant that he was not under arrest. The parties dispute as to whether the defendant asked for a lawyer. The defendant claims that he asked the officers if he needed an attorney.  Sergeant Kush testified that the defendant never asked if he needed a lawyer, and Corporal Kozik testified that he could not recall if the defendant asked if he needed a lawyer. At around 4:00 p.m., the defendant made a potentially incriminating statement.  The defendant was then advised of his <u>Miranda</u> rights, and he signed a written waiver of the same.  The interview then continued for an hour.  At the conclusion of this hour, Corporal Kozik began to write down specific questions and the defendant's answers thereto.  This process took approximately thirty minutes. After the defendant signed this paper, the officers left the residence.

### III. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).  Here, the defendant filed timely

objections to the magistrate judge's report recommending denial of the defendant's motion to suppress evidence. Accordingly, this Court reviews these matters de novo.

IV. Discussion

The defendant contends in his motion to suppress that his statements were involuntary and not the product of his free and rational choice for the following reasons: (1) the defendant was intimidated by the presence of two larger law enforcement officers; (2) the officers asked Ms. Lucas to leave the room; (3) the defendant was not told that the interview was voluntary or that he did not have to answer questions; and (4) the defendant was not given his rights. In response, the government argues that the defendant was not in custody, never requested counsel, and was advised of his rights.

In his report and recommendation, the magistrate judge determined that the defendant was not in custody because he was not under arrest, the interview took place in the defendant's residence, there was no indicia of custody, and there remained no evidence that his freedom was curtailed in any manner. The magistrate judge concluded, therefore, that Miranda warnings were not required because the statement was not made during a custodial interrogation.

Additionally, the magistrate judge found that Missouri v. Seibert, 542 U.S. 600, 618 (2004), as cited by the defendant, does not apply in this case because the factual circumstances are

completely different. In Seibert, the Supreme Court held that a suspect's rights under Miranda are violated when officers use a method of interrogation to get a confession, followed by a Miranda warning, and then a subsequent recitation of the confession that was made prior to the warning. 542 U.S. at 618. While the defendant in Seibert was clearly in custody because he was interrogated at the police station, the defendant in the above-styled criminal action, the magistrate judge held, was not in custody and only questioned in his residence.

After reviewing the record and the parties' pleadings, this Court agrees with the magistrate judge's determinations. Whether a confession is voluntary is determined under a preponderance-of-the-evidence standard. Lego v. Twomey, 404 U.S. 477 (1972). Likewise, the applicable standard of proof at a suppression hearing is a preponderance of the evidence. United States v. Matlock, 415 U.S. 164, (1974). The government bears the burden of proving that a person in custody made a knowing and voluntary waiver of his privilege against self-incrimination and his right to counsel. Miranda v. Arizona, 384 U.S. 436, 474 (1966). In the Fourth Circuit, the preferred practice is to follow an oral Miranda warning by an executed written waiver. United States v. Sledge, 546 F.2d 1120, 1122 (4th Cir. 1977). However, a person is entitled to a Miranda warning only if the person is in custody. Miranda, 384 U.S. at 474.

A person who has not been formally arrested may nonetheless be considered to be in custody for purposes of <u>Miranda</u> if he is subjected to questioning under circumstances in which his "freedom of action is curtailed to a 'degree associated with formal arrest.'" <u>Berkemer v. McCarty</u>, 468 U.S. 420, 440 (1984) (quoting <u>California v. Beheler</u>, 463 U.S. 1121, 1125 (1983) (per curiam)). Such determination must be made under a totality of circumstances, and "neither the location nor the purpose of the interview is dispositive of whether a suspect is in custody," even when the interview occurs at a police station. <u>United States v. Howard</u>, 115 F.3d 1151, 1155 (4th Cir. 1997).

Here, the defendant admits that he was not in police custody. Thus, it is undisputed that the defendant was not entitled to <u>Miranda</u> warnings prior to uttering the potentially incriminating statement. <u>Miranda</u>, 384 U.S. at 474. The issue therefore becomes whether the two-step interrogation process outlawed in <u>Seibert</u> is applicable in non-custodial interrogations, such as this one. The defendant argues that the legal principle established in <u>Seibert</u> must apply in this case because the <u>Seibert</u> opinion did not limit its holding to only custodial interrogations.

This Court must disagree with the defendant's argument. Although not specifically addressed by the Fourth Circuit, other federal courts have concluded that the holding in <u>Seibert</u> is inapplicable when the defendant was not in custody and <u>Miranda</u> warnings were not warranted. <u>See e.g.</u> <u>United States v. Thompson</u>,

469 F.3d 807, 811 (7th Cir. 2007) ("In this case, Miranda warnings before the first confession were not required because [the defendant's] first interview was not custodial; Seibert therefore does not apply."); United States v. Courtney, 2006 WL 2474780, at *3 (5th Cir. Aug. 28, 2006) (unpublished) ("On the facts presented here, [the defendant] was not in custody during either interview because a reasonable person would not have believed her freedom was restricted to the degree associated with a formal arrest . . . Consequently, because the first two statements were not obtained in violation of Miranda, the district court erred in applying Seibert."); United States v. Stuemke, 493 F. Supp. 2d 990, 995-96 (S.D. Ohio 2006) ("It bears emphasis that the Supreme Court held therein that the [Miranda] warnings must be given before subjecting a suspect to a custodial interrogation. Nothing in Seibert remotely suggests that the Supreme Court altered the Miranda rule to require the warnings also be given before interrogating a suspect who the officers know is not in custody . . . Accordingly, the Court concludes that Seibert does not mandate the suppression of Defendant's statements.") (emphasis included). This Court finds this authority persuasive. Accordingly, because the defendant concedes that he was not in custody during the time he made the potentially incriminating statement, a Miranda warning was not required and Seibert does not apply.

7

## V. Conclusion

After a _de novo_ review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections thereto lack merit. Accordingly, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety and OVERRULES the defendant's objections thereto. Therefore, the defendant's motion to suppress is hereby DENIED.

IT IS SO ORDERED.

The Clerk is direct to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:     November 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE