IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:09CR24
                                           (STAMP)
GARY RAY DEBOLT,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING NORTHWOOD HEALTH SYSTEMS, INC.'S
MOTION TO QUASH SUBPOENA AND
ISSUING A QUALIFIED PROTECTIVE ORDER AS TO NORTHWOOD**

I. Background

On September 8, 2010, the defendant in the above-styled criminal action filed a motion for subpoena duces tecum requesting all medical, psychiatric, psychological and treatment records pertaining to Savanna Debolt from the following three healthcare providers: (1) Northwood Health Systems, Inc. ("Northwood"); (2) Fox Run Center for Children and Adolescents ("Fox Run"); and (3) Matthew G. Sokos, M.D.  In support of this motion, the defendant argues that the documents from these three providers are (1) discoverable; (2) relevant to whether the statements made by Savanna Debolt during her interviews at Harmony House, Inc. ("Harmony House") are reliable; (3) material to whether the enhancement under U.S.S.G. § 2G2.2(b)(6) is applicable; and (4) contain information that describe Savanna Debolt's mental status.

On September 13, 2010, this Court granted the defendant's motion for subpoena duces tecum as to all three healthcare

providers. Sealed subpoenas were issued to Northwood, Fox Run, and Dr. Sokos, requiring compliance by September 24, 2010.[1]

Northwood filed a motion to quash subpoena and/or motion for protective order on September 17, 2010. In support of this motion, Northwood argues: (1) Northwood is precluded from rendering testimony or producing Savanna Debolt's medical records absent written authorization from Savanna Debolt or a specific protective order of the Court, which it has not received; (2) because Northwood is unaware as to how Savanna Debolt's confidential medical information relates to the present action, it seeks a protective order with regard to Savanna Debolt's treatment records; (3) absent a written waiver of confidentiality and authorization for disclosure of Savanna Debolt, her confidential medical information cannot be obtained by a subpoena; and (4) testimony and production of medical, psychological, and treatment records commanded by the subpoena is unreasonable and oppressive.[2] Northwood's motion also references West Virginia Code Section 27-3-1, the Health Insurance Portability and Accountability Act ("HIPAA"), and the Drug Abuse Prevention, Treatment and

---

[1] These subpoenas were later modified by this Court on September 22, 2010 to require compliance by September 29, 2010. The custodians of the records for Northwood, Fox Run, and Dr. Sokos were instructed to produce the subpoenaed documents on September 29, 2010 at the Wheeling point of holding court.

[2] Harmony House, the recipient of a subpoena issued on July 29, 2010, filed a similar motion to quash and motion for a protective order on September 14, 2010.

Rehabilitation Act.[3] Northwood requested that the Court enter an order to quash the subpoena, or alternatively, issue a protective order.

On September 21, 2010, the defendant filed a response to Northwood's motion to quash and/or motion for protective order. In support of this motion, the defendant argues: (1) HIPAA regulations permit disclosure of a person's private and mental health information pursuant to a court order if a protective order is in place; (2) the subpoena duces tecum issued to Northwood is a valid and enforceable court order; (3) Northwood has not offered any evidence in its motion that providing the requested records would be unreasonable or oppressive; and (4) because the government placed Savanna Debolt's mental health at issue, it has waived its privileges that pertain to that condition. The defendant also indicated in his motion that he would be willing to sign a protective order.

Northwood filed a reply on September 22, 2010 arguing that it has a statutory duty to maintain the confidentiality of mental health information and records. According to Northwood, the subpoena duces tecum issued by this Court on September 13, 2010 does not satisfy the requirements of West Virginia Code Section 27-3-1(b)(3) because the order was issued without the Court first making a preliminary and specific finding that said mental health

---

[3] At the hearing on September 29, 2010, counsel for Northwood conceded that the Drug Abuse Treatment & Rehabilitation Act is not applicable in this case. (Hr'g Tr. 15, Sept. 29, 2010.)

records "are sufficiently" relevant to the instant proceeding so as to "outweigh the importance of maintaining the confidentiality" required of Northwood to Savanna Debolt by law.

On September 29, 2010, the parties, the records custodian for Dr. Sokos, Evelyn Goodson, Dr. Sokos's office manager, Donna Malone, and Kathy Walnoha from Northwood appeared at the Wheeling point of holding court for a hearing on Northwood's motion to quash subpoena and/or motion for protective order. At the hearing, the subpoenaed records from Northwood, Fox Run, and Dr. Sokos were turned over to the Court.[4] The Court indicated at the hearing that it would conduct an in camera review of the documents, and the government stated that it did not object. On October 13, 2010, this Court confirmed its pronounced order granting the defendant's motion for in camera inspection, which had been previously filed on September 28, 2010.[5]

---

[4]The documents from Dr. Sokos and Fox Run had been previously delivered to counsel for the defendant, who sealed and stored the records. At the hearing, they were handed over to the Court unopened.

[5]In his motion for in camera inspection, the defendant argued that the Court should determine which of the subpoenaed materials "is both favorable to the accused and material to . . . punishment." Love v. Johnson, 57 F.3d 1305, 1313 (4th Cir. 1995) (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987)). Because the records are now subject to a qualified protective order, counsel for the defendant can make this determination. This Court simply finds that the records are sufficiently relevant for purposes of disclosure. This Court, at this time, makes no findings as to admissibility of any document at the sentencing hearing.

4

At the September 29, 2010 hearing, the undersigned also requested that counsel for Northwood prepare a proposed qualified protective order. (Hr'g Tr. 15, Sept. 29, 2010.) On October 14, 2010, the undersigned received a proposed order denying motion to quash and granting motion for qualified protective order from Northwood. The letter accompanying the proposed order indicated that it had also been approved by counsel for the defendant.

## II. Applicable Law

A. Federal Rule of Criminal Procedure 17(c)

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas that seek the production of documents and other items in criminal cases.[6] Rule 17(c) states:

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c) may only be used to obtain materials that would be admissible as evidence at trial. See Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951). Rule 17(c) is not to be used as a discovery device. See id. 220-21 ("Rule 17(c) was not intended to provide an additional means of discovery."); United States v.

---

[6] A subpoena duces tecum is the vehicle for securing production of documents and things at a specified time and place either before or after the time of trial. See 2 Wright, Federal Practice and Procedure: Criminal 2d § 271 at 134 ("[Rule 17] is not limited to subpoena for the trial. A subpoena may be issued for . . . posttrial motions.") (citations omitted).

5

Fowler, 932 F.2d 306, 311 (4th Cir. 1991) (stating that a Rule 17(c) subpoena duces tecum is not a discovery device). Rule 17(c)(2) provides: "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." In order to clear the "unreasonable or oppressive" hurdle, the Supreme Court requires the subpoenaing party to show:

> "(1) that the documents are evidentiary and relevant; (2) that [the documents] are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that [it] cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

United States v. Nixon, 418 U.S. 683, 699-700 (1974) (footnote and internal quotations omitted). Therefore, a party seeking production of documents under Rule 17(c) must demonstrate that the materials sought are relevant, admissible, and specifically identified.

Whether a subpoena duces tecum should be quashed or modified is a matter within the sound discretion of the trial court, and the court may, on a motion by a party seeking relief, quash or modify a subpoena for production of evidence, on the ground that the request is unreasonable or oppressive. Nixon, 418 U.S. at 698. When a party requests that a trial court quash a subpoena duces tecum already issued, the court must determine whether the subpoena is relevant, admissible, and specific so that compliance will not be overly burdensome. See United States v. Richardson, 607 F.3d

6

357, 363 (4th Cir. 2010) (citing Nixon, 418 U.S. at 698-700). The party moving to quash has the burden of showing that the subpoena is unreasonable and oppressive. See Bazemore v. State, 535 S.E.2d 830, 834 (Ga. App. 2000).

B. Protective Order

Under West Virginia Code Section 27-3-1(b)(3), disclosure of confidential mental health treatment information is permitted "[p]ursuant to an order of any court based upon a finding that said information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality established by this section." See also Allen v. Smith, 368 S.E.2d 924 (W. Va. 1998).

Under HIPAA standards for disclosures for which an authorization is not required, disclosures of individually identifiable protected health information may be made pursuant to a qualified protective order that:

> (a) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceedings for which such information was requested; and
> (b) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e)(1)(v); see also A Helping Hand, LLC v. Baltimore Cnty., Maryland, 295 F. Supp. 2d 585, 592 (D. Md. 2003).

III. <u>Discussion</u>

A. <u>Motion to Quash</u>

In this case, Northwood argues that compliance with the subpoena duces tecum would be unreasonable and oppressive. Additionally, Northwood states that the disclosure of confidential mental health information would violate statutory and case law. Although Northwood argues that it has no knowledge as to how Savanna Debolt's confidential medical information relates to the present action, Northwood does not explain how this lack of knowledge makes record production unreasonable and oppressive. In fact, Northwood has already delivered all of the subpoenaed documents to this Court, which undermines any argument that production of the documents is unreasonable and oppressive. Given the fact that Northwood has already complied with the subpoena duces tecum and the orders of this Court, the motion to quash is denied.

B. <u>Motion for Protective Order</u>

Given the confidential nature of the documents that Northwood has been called upon to provide, the fact that Savanna Debolt has not authorized the disclosure of this information, and because the defendant does not object to the entry of a qualified protective order, this Court finds that the issuance of a qualified protective order is appropriate in this case. This Court hereby adopts the language of the motion for qualified protective order submitted and

agreed to by the parties and this proposed order will be entered separately.

## IV. Conclusion

For the reasons described above, Northwood's motion to quash subpoena is DENIED.  The Court hereby ISSUES separately a qualified protective order as to the documents produced by Northwood.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this memorandum opinion and order to the defendant, to counsel of record herein, and to Northwood Health Systems, Inc.

DATED:   October 19, 2010


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE