IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:09CR24
                                                    (STAMP)

GARY RAY DEBOLT,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISQUALIFY
UNITED STATES ATTORNEY'S OFFICE AND
FOR APPOINTMENT OF SPECIAL PROSECUTOR**[1]

I. Background

On September 8, 2010, the defendant in the above-styled criminal action filed a motion to disqualify the United States Attorney's Office and for appointment of a special prosecutor. In support of this motion, the defendant argues that the Assistant United States Attorney ("AUSA") handling the case, David J. Perri, is a member of the Board of Directors of Harmony House, Inc. ("Harmony House"), and because Mr. Perri may be examining a witness from Harmony House, Executive Director Leslie Vassilaros, this creates an impermissible conflict of interest. In addition, the defendant argues that under the rule of imputed disqualification, this conflict imputes to the entire United States Attorney's Office ("USAO") for the Northern District of West Virginia.

---

[1]The defendant moves to disqualify Assistant United States Attorney, David F. Perri, as well as the United States Attorney's Office for the Northern District of West Virginia.

The United States filed a response to the defendant's motion to disqualify the USAO on September 10, 2010. The government contends that Mr. Perri is not presently and never has been a member of the Board of Directors of Harmony House. According to the government, Mr. Perri serves as a "federal liaison" to Harmony House, but does not participate in the decision-making process of the organization.[2]

The defendant filed a reply on September 15, 2010, alleging that Mr. Perri's active involvement with Harmony House from its inception further supports his argument that Mr. Perri has a conflict of interest. According to the defendant, if Mr. Perri is not disqualified, at the sentencing hearing he will be questioning a government witness with whom he has a close working relationship. The defendant contends that Mr. Perri's assertions that he is not a member of the Harmony House Board of Directors are contradicted by some Harmony House documents that list him as a member of the Board of Directors. (Hr'g Tr. 55, Oct. 12, 2010.)

At a hearing on September 29, 2010, this Court inquired of defense counsel what the appropriate procedure would be for replacing counsel for the government in the event that the Court grants the defendant's motion to disqualify. (Hr'g Tr. 18-19, Sept. 29, 2010.) On October 5, 2010, the defendant filed a

---

[2]At the hearing on October 12, 2010, Mr. Perri indicated that as a federal liaison, he makes himself available for consultation to Harmony House. (Hr'g Tr. 30, Oct. 12, 2010.)

2

supplemental memorandum to his motion to disqualify addressing this question.  In his memorandum, the defendant requests that the Court direct the Attorney General to appoint a special prosecutor for this proceeding pursuant to 28 U.S.C. § 515(a), which provides:

> The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States Attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

28 U.S.C. § 515(a).

On October 8, 2010, the United States filed a response to the defendant's supplemental memorandum.  In support of its response, the government argues:  (1) defense counsel has failed to explain, beyond mere insinuation and vague suggestion, why Mr. Perri's association with Harmony House is grounds for disqualification; (2) members of the USAO may interact with various agencies who provide a service to victims of a federal crimes;[3] (3) while Mr. Perri, in his capacity as an AUSA, has given advice to Harmony House on how to conduct forensic interviews, this should not be a disqualifying

---

[3]According to the government, the USAO's Victim-Witness Coordinator is a non-voting member on the Board of the Hancock-Brooke-Ohio Counties Victim Assistance Program.  The United States also claims that members of the USAO interact with the West Virginia Foundation for Rape Information and Services ("FRIS") and the West Virginia Coalition Against Domestic Violence.  (Resp. to Def.'s Doc. 195 2-3).

factor; (4) there is nothing improper about Mr. Perri providing guidance and consultation during the formation of Harmony House as an institution; (5) defense counsel has not been able to show how small charitable donations given by several members of the USAO could be calculated to lead a reasonable person to question Ms. Vassilaros's ethics and impartiality; and (6) United States v. Dyess, 233 F. Supp. 2d (S.D. W. Va. 2002), is not applicable in this case.

The parties appeared at the Wheeling point of holding court on October 12, 2010 for a hearing to take the testimony of Garrett Carrigan, a witness for the defendant, and to hear oral argument on the defendant's motion to disqualify. At this hearing, the government called both Mr. Perri and Ms. Vassilaros to testify as to the nature of Mr. Perri's relationship with Harmony House. Mr. Perri testified under oath that he does not serve on the Board of Directors of Harmony House. (Hr'g Tr. 30, Oct. 12, 2010.) During her testimony, Ms. Vassilaros also confirmed that Mr. Perri is not on the Board of Directors of Harmony House.[4] (Hr'g Tr. 65, Oct. 12, 2010.)

---

[4]On the hearing on October 12, 2010, Ms. Vassilaros testified as to Mr. Perri's involvement with Harmony House, but she did not testify as to Mr. Perri's involvement in the interviews with Savanna Debolt at Harmony House.

II. <u>Applicable Law</u>

Under Local Rule of General Procedure 84.01, all attorneys who practice before this Court must adhere to the Rules of Professional Conduct, as adopted by the Supreme Court of Appeals of West Virginia. <u>See</u> LR Gen P 84.01; <u>see also</u> <u>CSX Transp., Inc. v. Gilkison</u>, No. 5:05CV202, 2006 WL 3203419, at *1 (N.D. W. Va. Nov. 3, 2006). Failure to adhere to those rules may require disqualification. <u>See</u> W. Va. R. Prof'l Conduct 1.16(a)(1).

In determining whether disqualification is required because of a prohibited conflict of interest, "the trial court is not to weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification." <u>United States v. Clarkson</u>, 567 F.2d 270, 273 n.3 (4th Cir. 1977).

Although conflicts of interest are viewed with caution, "there is no rule or controlling authority that compels the vicarious disqualification of a prosecutors' office based on an individual attorney's personal conflict." <u>United States v. Nosal</u>, No. C08-00237, 2009 WL 482236, at *2 (N.D. Cal. Feb. 25, 2009) ("Whether an entire USAO should be disqualified is a question to be determined on a case by case basis."). Other courts have held that the mere appearance of impartiality is insufficient grounds for prosecutorial disqualification. <u>See</u> <u>United States v. Lorenzo</u>, 995

5

F.2d 1448, 1453 (9th Cir. 1993) (holding that the appropriate standard requires a showing of actual prejudice to disqualify a USAO); United States v. Hayes, No. 96-4319, slip. op. at *1 (4th Cir. Dec. 30, 1996) (unpublished opinion) (finding that the trial judge did not abuse his discretion in denying the defendant's motion to disqualify the United States Attorney's Office because the defendant never alleged that there was any actual impropriety). Further, the general trend in the law has been to limit the applicability of the vicarious disqualification rules to private organizations. Id. In fact, "[i]t is the highly unusual case that disqualifies an entire USAO." Nosal, 2009 WL 482236, at *4; see United States v. Zagami, 374 F. App'x 295, 297 (3d Cir. 2010) ("Instances in which the courts have found it necessary to disqualify a particular United States Attorney are rare."); United States v. Bolden, 353 F.3d 870, 878 (10th Cir. 2003) (finding that the disqualification of government counsel is a "drastic measure and a court should hesitate to impose it except where necessary.").

### III. Discussion

The defendant claims that Mr. Perri has a conflict of interest in this case for two main reasons: (1) as a member of the Board of Directors, Mr. Perri is a policy-maker for Harmony House who participates in the decision-making process; therefore, if Ms. Vassilaros testifies, she will be questioned by an individual who can influence the decisions of her employer; and (2) since Mr.

Perri serves on the Board of Directors, he can influence whether the Board retains or releases Ms. Vassilaros from her employment, which means that Ms. Vassilaros will have added incentive to provide testimony that would be beneficial to the government in this case.[5] The defendant further argues that because Mr. Perri has a conflict of interest, the entire USAO for the Northern District of West Virginia should be disqualified under the rule of imputed disqualification, which provides: "While lawyers are associated in a firm, none of them shall knowingly represent a client when anyone of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2." W. Va. R. Prof'l Conduct 1.10.

In response to the defendant's allegations, the United States argues that Mr. Perri is not and has never been a member of the Board of Directors of Harmony House. Mr. Perri was, however, approved by the Department of Justice to serve as a "federal liaison" to Harmony House and has occasionally attended Harmony House board meetings in that capacity. The government insists that Mr. Perri does not participate in the decision-making of the organization.

According to the defendant, the government's response bolsters the argument that Mr. Perri should be disqualified because it

---

[5]Of course, the fact that any testimony might ultimately benefit the government and not the defendant is not grounds for disqualification.

admits that Mr. Perri has been involved with Harmony House from its inception. The defendant also claims that Mr. Perri is listed as a board member on some Harmony House documents.[6] The United States explains that this mistake is the result of a lack of understanding on the part of a secretary or other staff member at Harmony House who is unclear as to the nature of Mr. Perri's liaison role.

The defendant also argues that Harmony House and the USAO are inexorably intertwined with one another and that this relationship creates the appearance of impropriety. In support of this argument, the defendant claims that several of the employees of the USAO have contributed financially to Harmony House.[7] This financial support, according to the defendant, establishes that Harmony House has a motive to continue to provide services that the USAO "finds pleasing." (Def.'s Reply 4). In response, the government states that defense counsel has failed to show how small charitable donations given by members of the USAO in their personal capacity would have any impact on Ms. Vassilaros's ethics and impartiality.

Finally, the defendant has suggested that Mr. Perri's presence at Harmony House during the interviews with Savanna Debolt is

---

[6]The defendant also contends that Mr. Perri is listed as a member of the Board of Directors in grant applications, audit reports, and other financial documents. (Def.'s Reply 3).

[7]According to the defendant, four USAO employees each contributed fifty dollars to Harmony House. Notably, Mr. Perri did not make a contribution.

improper.[8]  The government, however, contends that it was appropriate for Mr. Perri to attend and observe Savanna Debolt's interviews. According to the government, because Mr. Perri was familiar with the factual background and the evidence of the case, he was in a position to provide helpful suggestions about points to cover in questioning, and his input is not unusual or improper.

After considering the arguments of both parties, this Court finds no grounds to disqualify Mr. Perri.  While it might be unusual that Mr. Perri admittedly noticed Harmony House's references to him as a "board member" yet failed to correct this mistake, the United States has represented that this was a mere secretarial error resulting from a misunderstanding of the nature of Mr. Perri's federal liaison position, and the Court has no reason to find otherwise.  (Hr'g Tr. 53, Oct. 12, 2010.)  Based upon the testimony of Mr. Perri, as an officer of the Court, and Ms. Vassilaros at the October 12, 2010 hearing, the Court finds that Mr. Perri is not a policy-maker for Harmony House as he is a non-voting federal liaison.   (Hr's Tr. 65, Oct. 12, 2010.)

---

[8]In 2009, the defendant's daughter, Savanna Debolt, was interviewed on three separate occasions at Harmony House by Ms. Vassilaros.  During these forensic interviews, Savanna Debolt claimed that her father had sexually molested her.  The statements that Savanna Debolt made during these interviews serve as the basis for the inclusion in the defendant's pre-sentence report of a five-level enhancement for a pattern of activity involving the sexual abuse or exploitation of a minor pursuant to § 2G2.2(b)(5) of the advisory Federal Sentencing Guidelines.  According to the defendant, Mr. Perri observed these interviews from the observation room via a two-way mirror.

Further, Mr. Perri's position does not appear to give him influence over Ms. Vassilaros's employment since he is neither her supervisor nor a board member. (Hr'g Tr. 65, Oct. 12, 2010.) This Court believes that if defense counsel has any concern as to bias, he or she can address it directly with Ms. Vassilaros on cross-examination if she testifies. At this point, the defendant's argument that Ms. Vassilaros will have an incentive to answer the questions in such a manner as to please Mr. Perri is pure speculation.

Although several members of the USAO have donated to Harmony House, these personal financial contributions should not result in the disqualification of Mr. Perri. Given the fact that those particular fifty dollar contributions were made for a fund-raising event, it is unlikely that they will affect Ms. Vassilaros's testimony in any way. (Hr'g Tr. 65, Oct. 12, 2010.) The Court perceives no conflict regarding these charitable donations that would require disqualification of Mr. Perri.

Mr. Perri's presence at Harmony House during Savanna Debolt's forensic interviews is also not grounds for disqualification. The USAO often provides consultation, advice, guidance, and direction to officers, agents, detectives, and investigators in connection with the broader investigations conducted by law enforcement or child welfare agencies such as Harmony House. Given that this is a case assigned to Mr. Perri, there is nothing improper about Mr.

Perri consulting with Ms. Vassilaros as to the subject areas which should be covered during Savanna Debolt's three interviews. The defendant has made no showing that Mr. Perri's involvement had any influence on any disclosures made by Savanna Debolt during the forensic interview. Again, questions regarding Mr. Perri's involvement during the interviews would be "grist for the cross-examination mill." Ramonez v. Berghuis, 490 F.3d 482, 490 (6th Cir. 2007)

Even if this Court found reason to disqualify Mr. Perri, it would have to go a long way to impute any conflict to the entire USAO for the Northern District of West Virginia. The defendant has failed to allege any actual impropriety on the part of Mr. Perri-- he has only speculated as to potential bias and influence by Ms. Vassilaros resulting from a position that Mr. Perri has testified that he does not, in fact, hold. See Hayes, No. 96-4319 at *1 ("[The defendant] never alleged that there was any actual impropriety or that [his attorney] attempted to influence the case. The Government, on the other hand, presented evidence that the United States Attorney's Office followed proper internal procedures."). The defendant cites United States v. Dyess, 231 F. Supp. 2d 493 (S.D. W. Va. 2002), in support of his argument that the entire USAO should be disqualified if Mr. Perri consulted with Ms. Vassilaros during the interviews of Savanna Debolt. (Hr'g Tr. 20, Sept. 29, 2010.) Dyess, however, is distinguishable from this

11

case in that there are no allegations of actual misconduct by Mr. Perri or Harmony House employees. The Court recognizes that it is not to "weigh the circumstances with hair-splitting nicety," but in this matter, the Court finds no need to disqualify Mr. Perri, much less the entire USAO for the Northern District of West Virginia. Clarkson, 567 F.2d at 273 n.3.

IV. Conclusion

For these reasons, the defendant's motion to disqualify the United States Attorney's Office and for appointment of a special prosecutor is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED: October 21, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE